McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
James P. Wagoner, #58553
  *jim.wagoner@mccormickbarstow.com*
Nicholas H. Rasmussen, #285736
  *nrasmussen@mccormickbarstow.com*
Christian D. Jinkerson, #232143
  *ian.jinkerson@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300
Attorneys for Plaintiff, NEW YORK MARINE
AND GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NEW YORK MARINE and GENERAL INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WHERRY, an individual,<br><br>Defendant, and<br><br>FANCY CONTENT, INC., a California corporation,<br><br>Real Party in Interest | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**[JURY DEMAND INCLUDED HEREIN Fed.R.Civ.P. 38]** |

Plaintiff New York Marine and General Insurance Company ("New York Marine") hereby alleges as follows:

**A.  JURISDICTION AND VENUE**

1. The United States District Court for the Central District of California has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action

between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) and (b)(2) because the Defendant and the Real Party in Interest both reside within this District, the events or omissions that precipitated the claims and gave rise to this action, including both the filing and present maintenance of the action entitled *Werner v. Wherry, et al.,* Los Angeles County Superior Court, Case No. BC632237 (the "Underlying Action") for which Defendant Wherry seeks coverage under the policies of insurance issued by Plaintiff New York Marine to Fancy Content, Inc. and the auto accident which gave rise to that litigation, occurred in this judicial district.

**INTRODUCTION AND NATURE OF THE ACTION**

3. As more fully set forth below, this is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 for the purpose of determining an actual controversy between the parties in the context of an insurance coverage dispute.

**B.  PARTIES**

4. Plaintiff New York Marine, a corporation, was and is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. New York Marine is authorized to conduct business in the State of California. New York Marine issued Business Auto Policy No. AU201500006826 to Fancy Content, Inc., a corporation, for the policy period April 21, 2015 to April 21, 2016 providing limits of liability of $1,000,000 per accident (the "Auto Policy"). New York Marine also issued Commercial Umbrella Policy No. UM201500002900 to Fancy Content, Inc., for the policy period April 21, 2015 to April 21, 2016 providing limits of liability in the amount of $4,000,000 (the "Umbrella Policy").

5. Defendant Robert Wherry ("Wherry") was and is an individual who is a citizen and resident of the State of California, County of Los Angeles. Wherry is a Defendant in the Underlying Action.

6.     Real Party in Interest Fancy Content, Inc., was and is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California, County of Los Angeles. Fancy Content, Inc. is the named insured under the policies of insurance upon which New York Marine seeks declaratory relief in this action, and is therefore a real party in interest in this action as the party with whom the contract of insurance for another's benefit was made. Further, to the extent Wherry was acting in the course and scope of his employment with Fancy Content, Inc. at the time of the accident which is the subject of the Underlying Action and Fancy Content, Inc. therefore becomes liable to Jeffrey Werner, the Plaintiff in the Underlying Action, Fancy Content, Inc., would have a right of indemnity against Wherry to which New York Marine would be subrogated under both law and the terms of its policies.

## FACTUAL BACKGROUND

**C.     The Underlying Action**

7.     The Underlying Action arises out of a motor vehicle accident which occurred on August 26, 2015 when a 2005 Mercedes E320 driven by Defendant Wherry and owned by he and his wife, Deborah Sudarsky, collided with a vehicle driven by Werner.

8.     In the Underlying Action, Plaintiff Jeffrey Werner filed his complaint initiating on August 26, 2016. The complaint named as defendants Wherry and "Does 1 to 10", and asserted claims for "personal injury" arising out of a "motor vehicle" accident, on account of which Plaintiff Werner seeks damages in excess of $25,000.00. The complaint alleges that each of the defendants was acting as the agents of one another, and/or that defendants operated, employed, owned, entrusted, or were the agents or employees of one another. Specifically, the Complaint alleges that Does 1 to 5 "were the agents or employees of other named defendants and acted within the scope of that agency or employment," and that Does 6 to 10 "are persons whose capacities are unknown to plaintiff." As set forth therein the complaint alleged claims for "motor

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3
COMPLAINT FOR DECLARATORY RELIEF and JURY DEMAND

vehicle" liabiltiy and "general negligence", alleged that Plaintiff suffered "wage loss", "hospital and medical expenses", "general damages" and "loss of earning capacity." On account of the claims and allegations therein, the complaint seeks compensatory damages "according to proof". A true and correct copy of the complaint initiating the Underlying Action is filed herewith as Exhibit A.

9. On February 19, 2019, Plaintiff filed an "Amendment to Complaint (Fictitious/Incorrect Name)" ("Doe Amendment") identifying "Doe 1" as "Fancy Content, Inc.". A true and correct copy of the Doe Amendment naming Fancy Content, Inc., as a defendant is filed herewith as Exhibit B.

### D.     **The New York Marine Auto Policy**

10. The Auto Policy provides coverage for covered "autos" under symbol "8", "Hired 'Autos' Only", encompassing, as stated in the policy's "Description of Covered Auto Designation Symbols", "[o]nly those 'autos' you lease, hire, rent or borrow. This does not include any 'auto' you lease, hire, rent or borrow from any of your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their household". A certified copy of the "Auto Policy" is filed herewith as Exhibit C.

11. The Auto Policy also provides coverage for covered "autos" under symbol "9", consisting of "Non-owned 'Autos' Only", and encompassing, as stated in the policy's "Description of Covered Auto Designation Symbols", "[o]nly those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes 'autos' owned by your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs."

/ / /
/ / /
/ / /
/ / /

12. In addition, the Auto Policy contains an endorsement entitled "Who Is An Insured Amended". That endorsement provides as follows:

**COMMERCIAL AUTO**
**THIS ENDORSEMENT CHANGES THE POLICY PLEASE READ IT CAREFULLY.**
**WHO IS AN INSURED AMENDED**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

Under SECTION II. - LIABILITY COVERAGE, A. COVERAGE. Item 1. is amended to read:

1. Who is an Insured

    The following are insureds

    a. You for any covered auto.

    b. Anyone else while using with your permission on [sic] covered auto you own hire or borrow except:

    (1) The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.

    (2) Someone using a covered auto while he or she is working in a business of selling, servicing, repairing, or parking autos unless that business is yours.

    (3) Anyone other than your employees, partners a lessee or borrower or any of their employees, while moving property to or from a covered auto.

    (4) A partner of yours for a covered auto owned by him or her or a member of his or her household.

    c. Anyone liable for the conduct of an insured described above but only to the extent of that liability. However, the owner of anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own.

13. The Auto Policy also contains language at "SECTION IV –BUSINESS AUTO CONDITIONS" confirming the subrogation rights of New York Marine as follows, "5. Transfer Of Rights Of Recovery Against Others To Us [¶] If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after an 'accident' or 'loss' to impair them.

### E.  The New York Marine Umbrella Policy

14. Under "I. SECTION I. COVERAGES," "A. COVERAGE A – EXCESS LIABILITY – INSURING AGREEMENT," the Umbrella Policy states that "1. This coverage applies only to injury or damage covered by 'underlying insurance'. The definitions, terms, conditions, limitations, exclusions and warranties of the 'underlying insurance' in effect at the inception of this policy apply to this coverage unless they: a. Conflict with the provisions of this insurance." The Umbrella Policy identifies the "Underlying Insurance" as the Auto Policy. A certified copy of the Umbrella Policy is attached as Exhibit D.

15. Under "I. SECTION I. COVERAGES," "B. COVERAGE B – UMBRELLA LIABILITY – INSURING AGREEMENT," the Commercial Umbrella and Excess Liability Coverage Form states that  "1. We will pay on behalf of any insured those sums that the insured becomes legally obligated to pay in excess of the 'self insured retention' as damages because of: . . . a.     Bodily Injury or Property Damage…".

16. At "I. SECTION I. COVERAGES," "D. EXCLUSIONS UNDER COVERAGE B ONLY", the Commercial Umbrella and Excess Liability Coverage Form states that:

Insurance provided under Coverage B does not apply to:

. . .

2. Aircraft/Auto/Mobile Equipment and Watercraft

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

    Any liability arising out of the ownership, maintenance, operation, use, entrustment to others, "loading or unloading" of any of the following that is owned or operated by or rented or loaned to any insured:

    . . .

    b. Any 'auto' or 'mobile equipment';

     (1) Within the United States of America, its territories or possessions, Puerto Rico or Canada; or

     (2) While being transported between any of those places; or

    . . .

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the injury or damage involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft that is owned or operated by or rented or loaned to any insured.

17. The Umbrella Policy also contains language at "SECTION IV. CONDITIONS" confirming the subrogation rights of New York Marine as follows, "If the insured has rights to recover all or part of any payment we have made under this coverage part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring 'suit' or transfer those rights to us and help us to enforce them."

18. New York Marine is presently defending Fancy Content, Inc. in the Underlying Action.

/ / /

COMPLAINT FOR DECLARATORY RELIEF and JURY DEMAND

# FIRST CAUSE OF ACTION

## DECLARATORY RELIEF: NO COVERAGE FOR WHERRY UNDER THE AUTO POLICY

19. New York Marine hereby incorporates by reference Paragraphs 1 through 19 of this complaint as though fully set forth herein.

20. Specifically, with respect to the coverage available under symbol "8", the 2005 Mercedes which Wherry was operating at the time of the accident does not qualify as a "covered auto" because the policy only provides coverage under that symbol for "any 'auto' that you [Fancy Content, Inc.] lease, hire, rent or borrow from any of your 'employees'. . . ". Since the 2005 Mercedes was not "lease[d], hire[d], rent[ed] or borrow[ed]" by Fancy Content, Inc., it is not a "covered auto" within the meaning of symbol "8".

21. Furthermore, because Wherry owned the accident-involved 2005 Mercedes and is an "employee" of Fancy Content, Inc., even if the 2005 Mercedes is considered to have been "leased, hired, rented or borrowed" by Fancy Content, Inc. from Wherry, he would not qualify as an "Insured" under the Auto policy because the policy, as amended by the "Who is An Insured Amended" endorsement, excludes from the definition of an "Insured" the "owner of a covered auto you hire or borrow from one of your employees or a member of his or her household."

22. Furthermore, although the 2005 Mercedes is a "covered 'auto'" under symbol "9" as an "auto" which Fancy Content, Inc. did not "own, lease, hire, rent or borrow" "includ[ing] 'autos' owned by your 'employees,'" and to the extent it was "used in connection with [Fancy Content, Inc.'s] business", Wherry is still not an "Insured" under the Auto Policy because, as amended by the "Who is An Insured Amended" endorsement, the Auto policy does not include as "insureds" "employees" while driving autos they own, even if the employee-owned vehicle is being "used in connection with" Fancy Content Inc.'s business.

/ / /

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

23. Thus, even though the Auto Policy provides coverage to Fancy Content, Inc. for the Underlying Action, it does not provide coverage to Wherry.

24. Defendant Wherry contends that he is an "insured" under the Auto Policy issued to Defendant Fancy Content, Inc. with respect to the Underlying Action and Real Parties in Interest Fancy Content, Inc. likewise so contends.

25. By virtue of the foregoing, there now exists an actual, justiciable controversy as between New York Marine, on the one hand, and Defendant Wherry and Real Party in Interest Fancy Content, Inc., on the other, regarding whether the Umbrella Policy provides coverage for Wherry in the Underlying Action. A judicial determination and declaration is therefore necessary and appropriate as to whether the Auto Policy provides coverage for Wherry.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF: NO COVERAGE FOR WHERRY UNDER THE UMBRELLA POLICY

26. New York Marine hereby incorporates by reference Paragraphs 1 through 30 of this complaint as though fully set forth herein.

27. New York Marine contends that the Umbrella Policy issued to Defendant Fancy Content, Inc. does not provide coverage for Defendant Wherry in connection with the Underlying Action. Specifically, the Umbrella Policy's "Coverage A" "applies only to injury or damage covered by 'underlying insurance'" consisting of the Auto Policy. Consequently, because Wherry does not qualify as an "insured" under the Auto Policy, there is no coverage for him under the Auto Policy and, as a **result**, the Umbrella Policy's "Coverage A" also does not provide coverage for him.

28. With respect to the Umbrella Policy's "Coverage B", that coverage contains an exclusion which precludes coverage for "Any liability arising out of the ownership, maintenance, operation, use, entrustment to others, 'loading or unloading' of any . . ." "auto". Accordingly, because the claims asserted against Wherry "arise out of the ownership, maintenance, operation, [and] use" of an "auto", no coverage is

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

9
COMPLAINT FOR DECLARATORY RELIEF and JURY DEMAND

available for Wherry under the Umbrella Policy's Coverage B.

29. Defendant Wherry and Real Party in Interest Fancy Content, Inc. contend that Wherry is an "insured" under the Umbrella Policy issued by New York Marine to Defendant Fancy Content, Inc.

30. By virtue of the foregoing, there now exists an actual, justiciable controversy as between New York Marine, on the one hand, and Defendant Wherry and Real Party in Interest Fancy Content, Inc., on the other, regarding whether the Umbrella Policy provides coverage for Wherry. A judicial determination and declaration is therefore necessary and appropriate as to whether the Umbrella Policy provides coverage for Wherry.

## THIRD CAUSE OF ACTION

### DECLARATORY RELIEF: SUBROGATION AGAINST ROBERT WHERRY

31. If Wherry was in the course and scope of his employment for Fancy Content, LLC, at the time of the August 25, 2016 accident giving rise to the claims of Werner as alleged in the Underlying Action, Fancy Content, Inc. did not "authorize" Wherry to injure Werner. Accordingly, and pursuant to California law, Fancy Content, Inc., is entitled to be indemnified by Wherry for costs it incurs to defend and/or indemnify Fancy Content, Inc. in the Underlying Action.

32. New York Marine insures Fancy Content, Inc. and is providing coverage, including a defense to Fancy Content, Inc. for the claims asserted against it in the Underlying Action, and to that end has incurred and paid in excess of $200,000 in defense costs, and continues to incur defense costs, pursuant to the terms of the auto policy issued to Fancy Content, Inc.

33. Accordingly, New York Marine is subrogated to and has a right of action against Wherry for such amounts, including the costs incurred to defend Fancy Content, Inc., in the Underlying Action and any amounts which it may pay to indemnify Fancy Content, Inc. on account of any settlement or judgment entered against it in the

1 Underlying Action.

2     34. Defendant Wherry and Real Party in Interest Fancy Content, Inc. contend that no right of subrogation against Wherry exists in New York Marine in connection with the Underlying Action, including on account of the costs of defending Fancy Content, Inc. in the Underlying Action or on account of any judgment rendered against Fancy Content, Inc. in the Underlying Action solely on account of its vicarious liability for the conduct of Wherry.

    35. By virtue of the foregoing, there now exists an actual, justiciable controversy as between New York Marine, on the one hand, and Defendant Wherry and Real Party in Interest Fancy Content, Inc., on the other, regarding whether Fancy Content, Inc., and in turn, New York Marine, have a right of subrogation against Wherry for the costs of defending and indemnifying Fancy Content, Inc., on account of any judgment entered against it in the Underlying Action solely on account of its vicarious liability for the conduct of Wherry.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff New York Marine prays for judgment as follows:

    1. For a declaration that New York Marine owes no duty to defend or indemnify Defendant Robert Wherry under Business Auto Policy no. AU201500006826 in the action entitled *Werner v. Wherry, et al.,* Los Angeles County Superior Court, Case No. BC632237;

    2. For a declaration that New York Marine has no duty to defend or indemnify Defendant Robert Wherry under Commercial Umbrella Policy no. UM201500002900 issued to Defendant Fancy Content, Inc., in the action entitled *Werner v. Wherry, et al.,* Los Angeles County Superior Court, Case No. BC632237;

    3. For a declaration that New York Marine has a right of subrogation against Robert Wherry for any sums for which it may become liable to pay to Plaintiff Werner in the action entitled *Werner v. Wherry, et al.,* Los Angeles County Superior Court, Case No. BC632237, solely on account of Fancy Content, Inc.'s vicarious liability to

Plaintiff Werner for Robert Wherry's unauthorized conduct;

4.    For a declaration that Robert Wherry shall be liable to New York Marine for any sums for which New York Marine may become liable to pay to Plaintiff Werner in the action entitled *Werner v. Wherry, et al.,* Los Angeles County Superior Court, Case No. BC632237, solely on account of Fancy Content, Inc.'s vicarious liability to Plaintiff Werner for Robert Wherry's unauthorized conduct;

5.    For costs of suit herein; and

6.    For such other and further relief as this Court deems just and proper.

Dated: April 9, 2020

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
James P. Wagoner
Nicholas H. Rasmussen
Christian D. Jinkerson
Attorneys for Plaintiff, New York Marine and General Insurance Company

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff New York Marine demands trial by jury in this action of all issues so triable.

Dated: April 9, 2020

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _____
James P. Wagoner
Nicholas H. Rasmussen
Christian D. Jinkerson
Attorneys for Plaintiff, New York Marine and General Insurance Company

6563851.1